O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN J. COLODNEY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>COUNTY OF RIVERSIDE,<br><br>　　　　Respondent. | Case No. EDCV 14-01974-VAP (SPx)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF MANDAMUS(DOC. NO. 12)**<br><br>**[Motion filed on March 4, 2015]** |

　　Pro se Petitioner Nathan J. Colodney ("Colodney") previously brought suit in this Court, complaining that the County of Riverside's actions in discharging him from its employ constituted breach of contract, wrongful termination, and violated various County ordinances.[1] Colodney's instant Petition for Writ of Mandamus ("Petition") contains similar allegations against the County of Riverside. (Doc. No. 1.) The Petition prays that "a Writ of Mandate be issued against the County of

---

[1] See Nathan J. Colodney v. County of Riverside, case no. 5:13-cv-00427-VAP-SP (C.D. Cal. 2013).

1  Riverside rescinding Mr. Colodney's dismissal as null and
2  void, ordering his immediate reinstatement until the
3  Board [of Supervisors] complies with [the] law, and [an]
4  award [of] damages."  (Petition at 9.)

6       On March 4, 2015, Respondent County of Riverside
7  filed a Motion to Dismiss the Petition ("Motion").  (Doc.
8  No. 12.)  Petitioner filed his Opposition to the Motion
9  on March 18, 2015.  (Doc. No. 20.)  On March 23, 2015,
10 the County filed its Reply.  (Doc. No. 21.)  The Motion
11 is appropriate for resolution without a hearing; the
12 hearing was previously vacated.  See Fed. R. Civ. P. 78;
13 L.R. 7-15.  After consideration of the papers filed in
14 support of, and in opposition to, the Motion, the Court
15 GRANTS the Motion, and dismisses the Petition.

17      Though Colodney styled this action as a petition for
18 writ of mandamus, he asserts that jurisdiction is proper
19 in this Court pursuant to 28 U.S.C. § 1332, as he is a
20 resident of Virginia and "[t]his is an action for a writ
21 of mandate with damages that exceeds (sic) seventy-five
22 thousand dollars ($75,000.00), the minimum jurisdictional
23 requirement."  (Petition at 2.)  He requests a writ of
24 mandamus pursuant to California Code of Civil Procedure
25 § 1085.  (Id.)  Aside from his request for a writ of
26 mandate, the Petition contains no other claims.

California Code of Civil Procedure § 1085, however, "authorizes only state courts to issue writs of mandate." Hill v. Cnty. of Sacramento, 466 F. App'x 577, 579 (9th Cir. 2012). While courts are authorized to issue writs of mandamus under the All Writs Act, they may only do so where those writs are "necessary or appropriate *in aid of their respective jurisdictions* . . . ." 28 U.S.C. § 1651(a) (emphasis added). Thus, the All Writs Act "does not operate to confer jurisdiction and may only be invoked in aid of jurisdiction which already exists." Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999). Accordingly, as writs are only to be issued in aid of a court's original jurisdiction, a "request for a writ of mandamus does not itself create federal subject matter jurisdiction." Mance v. United States, 2007 WL 1546094, at *1 (D. Ariz. May 24, 2007).

As this Petition only contains a request for mandamus relief unconnected to any other claim, the Court lacks jurisdiction to consider it. Accordingly, the Court will GRANT the Motion to Dismiss the Petition, with prejudice.

**IT IS SO ORDERED.**

Dated: <u>April 9, 2015</u>

                                       VIRGINIA A. PHILLIPS
                                United States District Judge